IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RICHARD G. STREET, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | ) |
| | )  Civil Action No. 06-421 |
| | ) |
| STEEL VALLEY OPPORTUNITIES | ) |
| INDUSTRIALIZED CENTER, PHILADELPHIA | ) |
| OPPORTUNITIES INDUSTRIALIZATION CENTER, | ) |
| INC., OIC OF AMERICA, INC., LUETHEL NESBIT, | ) |
| ALEX POWELL, JR., MONROE GRUBBS and | ) |
| JOANNE GREEN-WELLS, | ) |
| | ) |
| Defendants. | ) |

AMBROSE, Chief District Judge.

# OPINION
# and
# ORDER OF COURT

### SYNOPSIS

Plaintiff sued his employer and others for race discrimination under 42 U.S.C. § 1981 and for retaliation in violation of the Pennsylvania Whistleblower's Act. The Defendants seek the entry of summary judgment in their favor on a number of different bases. The Motions are granted. Plaintiff failed to establish proper service, the retaliation claim is untimely, the licensor company cannot be liable under § 1981 for race discrimination occurring in the employment context and there are no substantive allegations asserted against individual Defendants.

1

## OPINION

Plaintiff Richard G. Street (Street") was employed as a Field Inspector / Trainer for Defendant Steel Valley Opportunities Industrialization Center ("Steel Valley OIC") for a number of years. Steel Valley OIC terminated Street's employment on September 30, 2005. Street subsequently commenced this action against Steel Valley OIC, Philadelphia Opportunities Industrialization Center ("Philadelphia OIC"), the OIC of America ("the OIC"), and Luethel Nesbit, Alex Powell, Jr., Monroe Grubbs and Joanne Green-Wells, all of whom are apparently associated with the Steel Valley OIC ("the Steel Valley Individual Defendants"). Street asserts a claim under 42 U.S.C. § 1981 for race discrimination against all the Defendants and a claim against Steel Valley OIC and the Steel Valley Individual Defendants for a violation of the Pennsylvania Whistleblower Act.

The Steel Valley Defendants and OIC have filed Motions to Dismiss to be treated as Motions for Summary Judgment. See Docket Nos. 12 and 21.[1] Both Motions challenge the sufficiency of service of process. In addition, the Steel Valley Defendants contend that the Whistleblower claim is untimely and that the claims against the Steel Valley Individual Defendants are not viable as no allegations are made specific to them. The OIC also challenges the viability of the § 1981 claim.

For the reasons set forth below, the Motions to Dismiss are granted. Judgment is entered in favor of OIC on all claims. Judgment is also entered in favor

---

[1] Street had notice that the Defendants sought the conversion of their Motions to Dismiss into ones for summary judgment. Street was given numerous extensions during which to respond, yet never responded. Nor did Street request discovery in aid of the filing of a response.

2

of the Steel Valley Defendants with respect to the claim for retaliation under the Pennsylvania Whistleblower Act.  I also agree that service upon the Steel Valley Defendants was not proper and will grant Street the opportunity to make proper service. Street will also be given the opportunity to file an Amended Complaint, should he desire, so as to make any appropriate allegations against the Individual Defendants.

## SUMMARY JUDGMENT STANDARD

Summary judgment may only be granted if the pleadings, depositions, answers to interrogatories and admissions on file, together with any affidavits, show that there is no genuine issue as to any material facts and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c).  A fact is material when it might affect the outcome of the suit under the governing law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Rule 56 mandates the entry of judgment, after adequate time for discovery and upon motion, against the party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In considering a motion for summary judgment, the Court must examine the facts in the light most favorable to the party opposing the motion. International Raw Materials, Ltd. v. Stauffer Chemical Co., 898 F.2d 946, 949 (3d Cir. 1990).  The burden is on the moving party to demonstrate that the evidence is such that a reasonable jury could not return a verdict for the nonmoving party. Anderson, 477

3

U.S. at 248. Where the non-moving party will bear the burden of proof at trial, the party moving for summary judgment may meet its burden by showing that the evidentiary materials of record, if reduced to admissible evidence, would be insufficient to carry the non-movant's burden of proof at trial. Celotex, 477 U.S. at 322. Once the moving party satisfies its burden, the burden shifts to the non-moving party, who must go beyond its pleadings, and designate specific facts by the use of affidavits, depositions, admissions, or answers to interrogatories showing that there is a genuine issue for trial. Id. at 324.

## ANALYSIS

### 1. SERVICE OF PROCESS

#### A. The Individual Defendants

The Steel Valley Defendants challenge the sufficiency of service of process.[2] In federal court, service of process upon individuals is governed by Rule 4(e) of the Federal Rules of Civil Procedure. Rule 4(e) provides that:

> Unless otherwise provided by federal law, service upon an individual from whom a waiver has not been obtained and filed, other than an infant or an incompetent person, may be effected in any judicial district of the United States:
>
> > (1) pursuant to the local law of the state in which the district court is located, or in which service is effected, for the service of a summons upon the defendant in an action brought in the courts of general jurisdiction

---

[2] OIC also challenges sufficiency of service of process. Because I find persuasive OIC's substantive challenge to the Section 1981 claim, however, I decline to consider its service of process argument.

> of the State; or
>
> (2) by delivering a copy of the summons and of the complaint to the individual personally or by leaving copies thereof at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein or by delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e). Street bears the burden of proof regarding the validity of service. See Grand Entertainment Group, Ltd. v. Star Media Sales, Inc., 988 F.2d 476, 488 (3d Cir. 1993).

Street has not borne that burden with respect to the Steel Valley Individual Defendants. The record establishes that Complaints were left with a Sara Hill, who is an "Intake Eligibility Specialist" at Steel Valley OIC. See Docket No. 15, Ex. C. Obviously, such service does not comply with Rule 4(e)(2). Turning to Rule 4(e)(1), I must consider whether such service complies with the law in Pennsylvania. I find, based upon the facts of record before me, that it does not. Rule 402 of the Pennsylvania Rules of Civil Procedure provides that original process may be served:

> (1) by handing a copy to the defendant; or
> (2) by handing a copy
> ...
> > (iii) at any office or usual place of business of the defendant to his agent or to the person for the time being in charge thereof.

Pa. R. Civ. P. 402. Simply stated, Street has not adduced any evidence indicating that

5

Sara Hill was either an agent for the Individual Defendants or "the person for the time being in charge" of Steel Valley OIC. Accordingly, the Motion is granted. Street is, however, hereby given leave to make proper service.

B. **STEEL VALLEY OIC**

Service upon a corporation or association is governed by Rule 4(h) of the Federal Rules of Civil Procedure. Rule 4(h) provides that:

> Unless otherwise provided by federal law, service upon a domestic or foreign corporation or upon a partnership or other unincorporated association that is subject to suit under a common name, and from which a waiver of service has not been obtained and filed, shall be effected:
>
>> (1) in a judicial district of the United States in the manner prescribed for individuals by subdivision (e)(1), or by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process and, if the agent is one authorized by statute to receive service and the statute so requires, by also mailing a copy to the defendant, ... .

Fed. R. Civ. P. 4(h). As set forth above, Rule (e)(1) looks to Pennsylvania's laws regarding service of process. With respect to corporations and similar entities, Pennsylvania Rule of Civil Procedure 424 provides:

> Service of original process upon a corporation or similar entity shall be made by handing a copy to any of the following persons provided the person served is not a plaintiff in the action:
> (1) an executive officer, partner or trustee of the corporation or similar entity, or
> (2) the manager, clerk or other person for the time being in charge of any regular place of business or activity of the corporation or similar entity, or

6

> (3) an agent authorized by the corporation or similar entity in writing to receive service of process for it.

Pa. R. Civ. P. 424. Again, Street has failed to demonstrate that Sara Hill qualifies under any of these criteria. Consequently, I must uphold Steel Valley OIC's challenge to the sufficiency of service of process. However, Street is granted leave to effectuate proper service.

2. <u>Count I - 42 U.S.C. § 1981</u>

Street alleges that between 1990 and September 30, 2005, the Defendants subjected him to an ongoing hostile work environment, to disparate treatment and to retaliation, and "impaired his ability to perform and enjoy all the benefits, privileges, terms and conditions of his employment contract" with Steel Valley OIC. <u>See</u> Complaint, ¶ 13. He maintains that this conduct violated 42 U.S.C. § 1981.

Section 1981 provides that:

> [a]ll persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of proceedings for the security of persons and property as is enjoyed by white citizens... .

42 U.S.C. § 1981(a).

OIC seeks the dismissal of this claim on the basis that Street had no contractual relationship with OIC. Street has alleged that OIC is an "affiliate" or "alter ego" of Steel Valley OIC and Philadelphia OIC. <u>See</u> Complaint, ¶ 7. OIC has proffered evidence indicating that OIC does not own any shares or interest in Steel Valley OIC; that OIC

has no control over day-to-day activities or employment decisions of Steel Valley OIC; that OIC has no control over the financing of Steel Valley OIC; and that OIC was not involved in the decision to terminate Street's employment with Steel Valley OIC. See Docket No. 21, Ex. A.  The only connection between OIC and Steel Valley OIC is a licensing agreement. Id. However, each organization has its own board of directors, its own management and its own staff. Id.  OIC explains that it simply permits licensees such as Steel Valley OIC to use the OIC name in exchange for a fee and an agreement to abide by OIC's standards. Id OIC's only recourse if an organization fails to abide by those standards is to cancel the licensing agreement. Id.

Street has not challenged these facts in any respect. Nor has Street identified any case law where a licensor was found liable under § 1981 for the employment actions of its licensee.  Indeed, despite knowledge that OIC was requesting that the Court consider its motion as one for summary judgment, and despite being given notice as to when the Response was due, Street failed entirely to even respond. Nine days later, not having received even an untimely submission, the Court gave Street notice of his delinquency in this regard and gave an extension, sua sponte, for the filing of a response.  Again, Street did not file one.

Thus, after careful consideration, I find that the evidence clearly demonstrates that OIC is not a proper defendant with respect to Street's claim of race discrimination under 42 U.S.C. § 1981.  Accordingly, judgment is entered in favor of OIC on all claims.

3. Count II - Whistleblower Claim against Steel Valley Defendants

In Count II, Street contends that he was retaliated against after he complained of several wrongful and wasteful practices, of nepotism and of conflicts of interest at the Steel Valley OIC. According to Street, the retaliation took the form of the assignment of less favorable job duties, of reprimands without just cause and of the termination of employment on September 30, 2005. Accordingly, he has asserted a claim for retaliation under Pennsylvania's Whistleblower Act, 42 P.S. § 1424.

The Steel Valley Defendants urge that Street's claim for retaliation is untimely. The Whistleblower Act provides that:

> [a] person who alleges a violation of this act may bring a civil action in a court of competent jurisdiction for appropriate injunctive relief or damages, or both, within 180 days after the occurrence of the alleged violation.

42 P.S. § 1424. The 180 day time period is mandatory. It must be strictly applied and courts have no discretion to extend it. See O'Rourke v. Pa. Dept. Of Corrections, 730 A.2d 1039, 1042 (Pa. Commw. 1999), Perry v. Tioga County, 649 A.2d 186, 189 (Pa. Commw. 1994) and Albright v. City of Philadelphia, 399 F. Supp.2d 575, 595 (E.D. Pa. 2005).

The last act of retaliation alleged in the Complaint is the termination of employment, which occurred on September 30, 2005. One hundred and eighty days from the date of termination elapsed on March 29, 2006. Street filed on March 30, 2006, after the statute of limitations expired. Consequently, the Steel Valley Defendants are entitled to the entry of judgment, in their favor, on Count II.

9

4. <u>Allegations against Powell, Grubbs and Green-Wells</u>

Street names Powell, Grubbs and Green-Wells as Defendants to this action. However, other than identifying Powell as the "secretary / treasurer of the Board of Directors" of Steel Valley OIC, Street does not mention Powell anywhere in the Complaint. There are simply no substantive allegations made against Powell. Similarly, Street identifies Grubbs as the "Vice Chairperson of the Board" but makes no substantive allegations against him. Green-Wells is identified as a "Board Member," but is not referenced again anywhere in the Complaint. There are no allegations even with respect to actions that the Board of Directors took. Given the lack of substantive allegations, Powell, Grubbs and Green-Wells urge that they cannot be held liable under 42 U.S.C. § 1981.

I agree with the movants that, in order to sustain his claim, Street must at least allege some link between these Individual Defendants' actions and Street's rights under 42 U.S.C. § 1981. These Defendants have no notice of their alleged wrongdoing. Accordingly, the § 1981 claim asserted against Powell, Grubbs and Green-Wells is hereby dismissed, without prejudice. Street has 10 days from the date of the accompanying Order to file an Amended Complaint, curing the deficiencies noted herein.

<u>**********************************</u>

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RICHARD G. STREET, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | ) |
| | ) Civil Action No. 06-421 |
| | ) |
| STEEL VALLEY OPPORTUNITIES | ) |
| INDUSTRIALIZED CENTER, PHILADELPHIA | ) |
| OPPORTUNITIES INDUSTRIALIZATION CENTER, | ) |
| INC., OIC OF AMERICA, INC., LUETHEL NESBIT, | ) |
| ALEX POWELL, JR., MONROE GRUBBS and | ) |
| JOANNE GREEN-WELLS, | ) |
| | ) |
| Defendants. | ) |

AMBROSE, Chief District Judge.

## ORDER OF COURT

AND NOW, this **31st** day of July, 2006, after careful consideration, and for the reasons set forth in the accompanying Opinion, it is ORDERED that the Motion to Dismiss to be treated as a Motion for Summary Judgment filed by Defendant OIC (Docket No. 24) is GRANTED. All claims asserted against OIC are dismissed, with prejudice.

It is further ORDERED, that the Motion to Dismiss to be treated as a Motion for Partial Summary Judgment (Docket No. 12), filed by the Steel Valley Defendants is GRANTED as follows: (1) service upon all Steel Valley Defendants is hereby quashed. Plaintiff is permitted an additional period of thirty (30) days within which to effectuate proper service; (2) the claim of retaliation asserted under the

11

Pennsylvania Whistleblower Act is hereby dismissed, with prejudice; (3) any claims under § 1981 asserted against Defendants Powell, Grubb and Green-Wells are dismissed, without prejudice to file an Amended Complaint within ten (10) days of the date of this Order, curing the deficiencies noted in the Opinion.

BY THE COURT:

/S/   Donetta W. Ambrose

Donetta W. Ambrose,
Chief U. S. District Judge