IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RICHARD G. STREET, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | ) |
| | ) Civil Action No. 06-421 |
| STEEL VALLEY OPPORTUNITY | ) |
| INDUSTRIALIZATION CENTER, PHILADELPHIA | ) |
| OPPORTUNITIES INDUSTRIALIZATION CENTER, | ) |
| INC., OIC OF AMERICA, INC., LUETJEL NESBIT, | ) |
| ALEX POWELL, JR., MONROE GRUBBS, JOANNE | ) |
| GREEN-WELLS, | ) |
| | ) |
| Defendants. | ) |

AMBROSE, Chief District Judge.

# OPINION and ORDER OF COURT

On July 31, 2006, after careful consideration, I issued an Opinion and Order granting the dismissal, with prejudice, of all claims asserted against Defendant OIC; the dismissal, with prejudice, of all retaliation claims asserted against the Steel Valley Defendants under the Pennsylvania Whistleblowers Act; the quashing of service upon the Steel Valley Defendants (but granting the Plaintiff an additional 30 days within which to effectuate proper service); and the dismissal of the 42 U.S.C. § 1981 claims asserted against Defendants Powell, Grubb and Green-Wells (but giving leave

1

to file an Amended Complaint within 10 days curing the deficiencies associated with those claims). <u>See</u> Docket No. 33.  Four weeks then passed.  Plaintiff made no attempt to effectuate proper service.  Nor did Plaintiff file an Amended Complaint with respect to the § 1981 claims against Powell, Grubb and Green-Wells.

Instead, on August 30, 2005, Plaintiff filed a Motion for Reconsideration. <u>See</u> Docket No. 35.  The Motion for Reconsideration, unaccompanied by a brief in support, contains little more than a recitation of the docket entries.  Plaintiff does not argue that the Court misconstrued the law, or misapplied the law to the facts.  Nor does Plaintiff argue that "new" evidence has come to light which mandates reconsideration of the previous Opinion and Order.  Instead, Plaintiff's counsel protests what she suggests was an inadequate amount of time within which to prepare her brief.

To the contrary, Plaintiff's counsel was given ample time within which to respond.  The Steel Valley Defendants filed their Motion on May 31, 2006.  Plaintiff was initially given until June 19, 2006 to respond. When, on the day the response was due, Plaintiff's counsel requested an extension of time due to an "active case load" and "the absence of a full secretarial staff," this Court granted the request. Plaintiff was granted an extension until July 10, 2006.  Missing that deadline entirely, Plaintiff's counsel filed a Second Motion to Extend Time on July 11, 2006. <u>See</u> Docket No. 29.  Again, Plaintiff's counsel pleaded her workload and staffing problems.  Again, I granted the Motion, explained that no other extensions would be permitted, and gave Plaintiff until July 18, 2006 within which to respond.  Rather

2

than file the brief, on July 18, 2006, Plaintiff's counsel filed a Third Motion for Extension. See Docket No. 31. Although I denied the Motion, I effectively gave counsel until July 20, 2006 by which to respond. See Docket No. 32.

Despite having a total of 50 days from the filing of the Motion within which to craft a response, Plaintiff failed to do so. Issues relating to service of process and statutes of limitations are not so complex as to merit 50 days for briefing. An Opinion and Order was issued on July 31, 2006, a full two months after the Motion to Dismiss was filed. Never, during the two month period, did Plaintiff file a Brief in Opposition.

While Plaintiff did secure two extensions of time within which to respond to the Steel Valley Motion, Plaintiff never even sought an extension of time with respect to the OIC Motion, which was filed June 26, 2006. See Docket No. 21. The Court instructed Plaintiff that a response was due on or before July 10, 2006. See Docket No. 28. Plaintiff never filed a response.

Consequently, I reject Plaintiff's contention that the Motion for Reconsideration should be granted because counsel had insufficient time within which to respond.[1] Further, the Motion for Reconsideration is denied because it is untimely. Plaintiff waited one month from the issuance of the Opinion with which

---

[1] In the Motion for Reconsideration, Plaintiff's counsel also states that:
[o]n July 18, 2006, Plaintiff's attorney filed another Motion for Extension of Time due to the fact that there was a reassignment at their law firm of lead counsel, Robert Owsiany for having a conflict of interest which he had to withdraw as counsel.

See Docket No. 35, para. L. A review of the docket indicates that Lois Glanby, not Robert Owsiany, filed and signed the Complaint. Lois Glanby's name has appeared on every pleading filed on behalf of Plaintiff. Robert Owsiany has not filed anything with the Court on this case and has not entered his appearance on the record.

3

he disagrees to file a Motion for Reconsideration which is devoid of any substantive argument.  Finally, the Motion is denied because there is no indication that there has been an intervening change in the controlling law, that there has been new evidence discovered which was previously unavailable or that it is necessary to prevent manifest injustice.

Therefore, this **20th** day of September, 2006, it is Ordered that the Motion for Reconsideration (Docket No. 35) is DENIED.  That said, in an effort to avoid penalizing Plaintiff for his counsel's actions, I will grant an additional ten (10) days from the date of this Order by which to file an Amended Complaint with respect to the § 1981 claims asserted against Powell, Grubb and Green-Wells as outlined in my previous Opinion, and a period of thirty (30) days from the date of this Order within which to effectuate proper service upon the Steel Valley Defendants.

I also specifically find that the July 31, 2006 Order granting Defendant OIC of America, Inc.'s Motion for Summary Judgment is a final Order and that there is no just reason for delay in entering judgment on its behalf.  In reaching this conclusion, I considered the following factors: (1) the relationship between the adjudicated and nonadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in set-off against the judgment sought to be made final; and (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity

of competing claims, expense and the like. See Allis-Chalmers Corp. v. Philadelphia Elec. Co., 521 F.2d 360, 363 (3d Cir. 1975). I find that these factors weigh in favor of entry of judgment. Judgment is entered, pursuant to Rule 54(b), in favor of Defendant OIC America with respect to all relevant claims.

BY THE COURT:


/S/   Donetta W. Ambrose

Donetta W. Ambrose,
Chief U. S. District Judge